UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RENA FENNELL WALKER,           )
                               )
          Plaintiff,           )
                               )
                               )
v.                             )     No. 3:08-CV-151
                               )     (VARLAN/SHIRLEY)
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security,)
                               )
          Defendant.           )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Rena Fennell Walker seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On August 4, 2005, the Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I) and 423, claiming disability as of August 8, 2003. [Tr. 15]. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On October 25, 2007, a hearing was held before an ALJ to review the determination of Plaintiff's claim. [Tr. 15] On November 30, 2007, the ALJ found that Plaintiff was

1

not disabled. [Tr. 7]. The Appeals Council denied Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

I.    ALJ FINDINGS

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2005.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of August 8, 2003 through her date last insured of June 30, 2005 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: depression, hypertension, fibromyalgia, and right shoulder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work except due to certain significant nonexertional impairments, she is precluded from any such work requiring frequent bending and stooping, excessive vibration, frequent contact with the public, and frequent overhead motions.

6. Through the date last insured, the claimant was unable to perform past relevant work (20 CFR 404.1565).

7. The claimant was born on June 25, 1962 and was 48 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to

2

communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c) and 404.1566).

11. The claimant was not under a disability as defined in the Social Security act, at any time from August 8, 2003, the alleged onset date, through June 30, 2005, the date last insured (20 CFR 404.1520(g)).

[Tr. 12-17]

## II. DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

3

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v.

Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

IV.  ANALYSIS

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's disability determination. Plaintiff contends the ALJ erred by failing to mention in his decision the informed medical opinion of longtime treating source Dr. Craig Laman, M.D. [Doc. 12 at 3]. The Commissioner, in response, contends substantial evidence supports the ALJ's disability determination. [Doc. 16 at 7].

A.  **The ALJ's Failure to Mention the Opinion of Dr. Laman**

Plaintiff alleges that the ALJ improperly disregarded the opinion of Dr. Craig Laman, M.D., ("Dr. Laman"), a treating physician. Plaintiff contends that the ALJ's unfavorable decision is directly inconsistent with Dr. Laman's medical opinions, most notably that the Plaintiff has a reasonable medical need to be absent from full-time work on a chronic basis and is therefore incapable of performing full-time work activity. [Doc. 12 at 4]. Plaintiff maintains that the ALJ omitted Dr. Laman's opinion from his decision, and also failed to provide reasons why he discounted

5

Dr. Laman's opinion. The Commissioner responds that the ALJ, in making his decision, considered Dr. Laman's opinion, but ultimately found the evidence supporting a decision to reject Plaintiff's disability claim more convincing. [Doc. 16 at 8].

In reviewing the evidence of record, the ALJ described Dr. Laman's treatment of the Plaintiff as follows:

> Dr. Laman has provided care to the claimant for many years and diagnosed the claimant with fibromyalgia, anxiety, and depression. During office visits to Dr. Laman, the claimant reported that she continued to do well but wished to continue taking her anti-depressants. She reported mental distress due to marital problems and the illness of her father which tended to exacerbate her emotional distress. During his many years of ongoing treatment, Dr. Laman continued to treat the claimant for various minor ailments such as colds, coughs, sinusitis, allergies, hypertension hyperlipidemia, earaches, and hemorrhoids.

[Tr. 15].

If a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. 20 C.F.R. §§ 404.1527(d)(2) and 416.927. The reason for such a rule is clear: the treating physician has had a greater opportunity to examine and observe the patient. Id. Furthermore, as a result of the treating physician's duty to cure the patient, the treating physician is generally more familiar with the patient's condition than are other physicians. Id. (citing Schisler v. Heckler, 787 F.2d 76, 85 (2d Cir. 1986)). But where an opinion does not garner controlling weight, the appropriate weight to be given an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship,

6

amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2) and 416.927.

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(d)(2) and 416.927. A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996). Nonetheless, the ultimate decision of disability rests with the ALJ, id. (citing King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984)), and accordingly, the ALJ is not bound by the opinions of the treating physician as long as the ALJ sets forth a basis for rejecting it. See Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987) (citing Fife v. Heckler, 767 F.2d 1427, 1437 (9th Cir. 1985) ("If the ALJ wishes to disregard the opinion of the treating physician, he must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record, even where the treating physician's opinion is controverted by the Secretary's consultant")).

In the present case, Dr. Laman was the Plaintiff's treating physician, as he was the Plaintiff's own physician and had provided medical treatment as part of an ongoing treatment relationship. See 20 C.F.R. § 220.5. The Plaintiff's objection centers upon the ALJ's decision not to give controlling weight to a form entitled "Medical Opinion Form," which Dr. Laman filled out on March 14, 2006, nine months after the Plaintiff's date last insured. [Tr. 292-94]. In this form, Dr. Laman opined that

7

the Plaintiff had a reasonable medical need to be absent from a full time work schedule on a chronic basis, chronic being more than 4 absences during any month's period. [Tr. 294]. The Plaintiff avers that the ALJ never discussed this opinion nor did he reference it in his decision. [Doc. 12 at 4]. Moreover, Plaintiff contends that the ALJ failed to provide specific reasons for choosing not to give Dr. Laman's opinion controlling weight. The Commissioner responds that while the ALJ may not have explicitly discussed his reasons for rejecting Dr. Laman's opinion regarding absences, the ALJ considered the issue. [Doc. 16 at 8]. Furthermore, the Commissioner maintains that the ALJ specifically stated that he considered the "opinion evidence" in finding that the Plaintiff was not disabled. [Tr. 13].

      The ALJ's decision that the Plaintiff is capable of engaging in full-time work activity is directly inconsistent with the medical opinion asserted by Dr. Laman in the above-mentioned form. At trial, the vocational expert, Dr. Julian Nadolsky ("Dr. Nadolsky"), upon questioning from the ALJ, testified that employers will generally allow no more than a maximum average of two absences per month. Based upon Dr. Nadolsky's testimony, the ALJ concluded that the Plaintiff was capable of making a successful adjustment to other jobs in the country's economy. [Tr. 17]. On the other hand, according to Dr. Laman, the Plaintiff had a reasonable medical need to be absent from work at least four times a month. [Tr. 294]. The ALJ's opinion of the Plaintiff's capabilities and that of her treating physician, Dr. Laman, are inconsistent and it is clear that the ALJ did not give Dr. Laman's opinion controlling weight. The ALJ is authorized to proceed in this manner, provided that he specifically states reasons for diverging from the treating physician's opinion. However, in the present case, the ALJ failed to do so. Therefore, remand is appropriate.

8

The Court of Appeals for the Sixth Circuit has held that ALJ decisions that fail to comply with the strict letter of 20 C.F.R. § 404.1527(d)(2) must be remanded regardless of whether remand will yield a different outcome. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004). The Court of Appeals has explained, "A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." Id. Based upon this rule, the court in Wilson v. Commissioner of Social Security concluded that an ALJ's statement "that he had 'considered' [the treating physician's] opinion, but concluded that while 'this opinion may be an accurate assessment of [the claimant's] current limitations, the undersigned must assess the claimant's limitations on March 31, 1995, the date he was last insured for benefits'" was not a sufficient explanation for failing to give weight to a treating physician's opinion. Id. at 545.

Following the rule laid out in Wilson, a sister court in this circuit recently remanded a decision for failure to comply with this procedural requirement. In Osborne v. Astrue, 2008 WL 3387893 (E.D. Ky. 2008), the ALJ explained his rejection of the treating physician's evaluation by stating:

> As for the opinion evidence, I rejected the physical assessment at Exhibit 30F from Dr. Chaffin, as this was not supported by the objective evidence. I also rejected the mental assessment at Exhibit 31F, for the same reason, that it was not supported by the evidence of record. Although the State Agency medical consultants were of the opinion that the claimant could perform medium level work, I find that the evidence as a whole, including his blackouts would limit the claimant to light level work with the avoidance of hazards. Due to his borderline intellectual functioning, he should be limited to relatively simple, routine jobs.

9

Id. at *2. The court found the ALJ's statement that the treating physician's opinion was not supported by objective evidence to be an insufficient explanation because it did not include an analysis of the medical records, did not explain any conflicts amongst the medical records, or discuss the factors contained in 20 C.F.R. § 404.1527(d)(2). Id.

In the present case, the ALJ fails to proffer any specific basis for his rejection of Dr. Laman's opinion. The only time the ALJ mentions Dr. Laman comes when the ALJ describes the treatment relationship between Dr. Laman and the Plaintiff. Similar to the presiding ALJ in Osborne, at no point did the ALJ in the present matter specifically identify any reasons, sufficient or otherwise, for denying Dr. Laman's medical opinion. The ALJ failed to include an analysis of the medical records, does not explain any conflicts amongst the records, nor does he discuss the factors contained in 20 C.F.R. § 404.1527(d)(2).

It is true, as the Commissioner states, that throughout his decision, the ALJ specifically identified evidence that supported his basis for rejecting the Plaintiff's allegations of disability. [Doc. 16 at 8]. The ALJ makes reference to the types of day-to-day activities undertaken by the Plaintiff such as household chores and visits with her mother as evidence that her complaints of pain are not fully credible. [Tr. 15]. The ALJ also considered the opinion of Dr. Jeffrey Summers, M.D., a consultative physician. Furthermore, as the Commissioner noted, the brevity and lack of depth inherent in an opinion form such as the one Plaintiff rests her appeal upon may not be deserving of controlling weight. See 20 C.F.R. §§ 404.1527(d)(2)-(3) (less weight given to medical source opinions that are not well-supported). Lastly, despite Dr. Laman's retroactive assessment of the Plaintiff's symptoms prior to her date last insured, the fact that the form was actually completed nine months after that date may provide additional justification to the ALJ's decision to reject the

10

opinions contained in the form.

The Court acknowledges that other courts in this district, when faced with similar medical opinion forms, have upheld the ALJ's decisions to disregard such opinions, when the opinions are either not supported by the evidence in the record or not sufficiently explained, so long as the ALJ gave good reasons for discounting the treating physician's assessment. See Steele v. Astrue, 2009 WL 890056, at *6 (E.D. Tenn. Guyton, M.J., 2009). However, in the present case, the ALJ failed to specifically address why he chose to neglect the medical opinion proffered by the Plaintiff's treating physician, Dr. Laman. Because the ALJ failed to comply with the procedural requirements for rejecting a treating physician's opinion, the ALJ's conclusory decision to give Dr. Laman's assessment of the Plaintiff's physical impairments little weight was not supported by substantial evidence and remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate.

## V. CONCLUSION

Accordingly, the ALJ failed to comply with the procedural requirements of 20 C.F.R. §§ 404.1527(d)(2) and 416.927 and Social Security Ruling 96-2p by not giving specific reasons, supported by substantial evidence, for discounting the Plaintiff's treating physician's assessment of her physical impairments.

Therefore, the Court finds that the ALJ's determination as to the Plaintiff's physical impairments is not supported by substantial evidence, and it is hereby **RECOMMENDED**[1] that:

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit

11

(1) Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **GRANTED IN PART** as to Plaintiff's request for a remand;

(2) Commissioner's Motion for Summary Judgment **[Doc. 15]** be **DENIED, WITHOUT PREJUDICE**; and

(3) The action be **REMANDED** to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g), for clarification of the weight accorded to the opinion of Plaintiff's treating physician, Dr. Laman in regards to the Plaintiff's physical impairment, and the reasons for according such weight.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).