UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RENA F. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-151 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 23]. Plaintiff seeks an order awarding her attorney fees in the amount of $1,465.50 under the authority of 28 U.S.C. § 2412(d)(1).

On July 17, 2009, the Honorable Thomas A. Varlan, United States District Judge, entered an Order [Doc. 19] granting the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11], and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing consistent with the report and recommendations [Doc. 18] of the undersigned.

The following four conditions must be met before a plaintiff is entitled to recover attorney fees under EAJA:

    1. The plaintiff must be a prevailing party;

    2. The Commissioner's position in the action must have lacked

-1-

substantial justification;

3. No special circumstances warranting denial of fees may exist; and

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). Thus, the first condition for granting fees under EAJA has been met.

The Court is not aware of, and the parties have not raised, any "special circumstances" that might make an award of attorney fees unjust. Thus, the third condition for granting fees under the EAJA has been met.

On August 14, 2009, Plaintiff moved for a total fee amount of $1,465.50.[1] [Doc. 23]. This motion included a proper application for fees [Doc. 24], and it was filed within 30 days of the final judgment in this matter. Thus, the fourth condition for granting fees under EAJA has been met.

The only issue remaining for the Court's resolution is whether the Commissioner's position in this case was without substantial justification. The position taken by the Commissioner in an action such as this one was "substantially justified" within the meaning of EAJA if it "was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing Pierce v. Underwood, 487 U.S. 552, 559 (1988)). The "substantial justification" standard is a lesser standard than the substantial evidence standard that

---

[1] This amount represents Plaintiff's claim for 6.7 attorney hours at a rate of $159.00 per hour, and 8.7 paralegal hours at a rate of $46.00 per hour. [Doc. 24 at 4].

-2-

was used to review the Commissioner's disability determination. See Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1989). Therefore, a plaintiff is not entitled to attorney fees under EAJA simply because the Court has ruled that the ALJ's decision denying him benefits was not supported by substantial evidence. See Jankovich, 868 F.2d at 869-70 (holding that a district court's decision reversing the denial of benefits to a plaintiff and its subsequent decision denying the plaintiff attorney fees under EAJA were not "at variance" nor were they "fatally inconsistent"); Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) ("The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified."). The Commissioner bears the burden of demonstrating that his position in an action was substantially justified, Pickering v. Mukasey, 306 Fed. App'x 246, 248 (6th Cir. 2009) (citing E.W. Grobbel Sons, Inc. v. NLRB, 176 F.3d 875, 878 (6th Cir. 1999)), but he does *not* have to overcome a presumption that his position lacked substantial justification simply because he lost the case, Howard, 376 F.3d at 554 ("Congress did not...want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case...") (citations omitted).

In this case, Plaintiff contends that the Commissioner cannot carry his burden of proving that his position was substantially justified because the ALJ committed an indefensible procedural error by failing "to refer in his decision to the medical opinion of the treating physician who indicated that Plaintiff's impairments related to her fibromyalgia prevented her from sustaining full-time work activity." [Doc. 24 at 2]. Plaintiff argues that the ALJ not only failed to provide good reasons for choosing not to adopt the medical opinion of the treating physician, Dr. Laman, but also failed to even acknowledge Dr. Laman's opinion at all. [Doc. 26 at 2].

The Commissioner contends that the ALJ's decision in this case, while not supported by

-3-

substantial evidence, "was at least reasonable and substantially justified." [Doc. 25 at 5]. The Commissioner argues that "there was a rational basis for assuming that the ALJ's decision should be defended" because "[t]he lack of specificity in the ALJ's decision regarding Dr. Laman's assessment form appears to be an articulation error that does not equate with a lack of substantial justification." [Doc. 25 at 3]. The Commissioner further argues that "[t]his is not a case where the ALJ summarily ignored Dr. Laman's reports or findings," [Doc. 25 at 4], and he points out that the Court itself recognized that there may have been good reasons for the ALJ to discount Dr. Laman's opinions. [Doc. 25 at 4] (noting that the undersigned stated in his report and recommendation that "the brevity and lack of depth inherent in an opinion form such as [the one prepared by Dr. Laman upon which Plaintiff rests her appeal] may not be deserving of controlling weight") (quoting [Doc. 18 at 10]); [Doc. 25 at 4-5] (noting that the undersigned pointed out in his report and recommendation that the fact that Dr. Laman's assessment form was completed nine months after Plaintiff's date last insured "may provide additional justification to the ALJ's decision to reject the opinions contained in the form") (quoting [Doc. 18 at 10-11]). In short, the Commissioner argues that he "had a rational basis for defending the ALJ's decision." [Doc. 25 at 5]. The Court disagrees.

In this case, Dr. Laman was Plaintiff's treating physician, and, as such, his opinion was entitled to receive controlling weight in the ALJ's disability determination analysis *unless* the ALJ specifically stated "good reasons" in his decision for discounting it. [Doc. 18 at 6-8]. The Court found it to be "clear that the ALJ did not give Dr. Laman's opinion controlling weight." [Doc. 18 at 8]. The Court also found that "at no point [in his decision] did the ALJ specifically identify any reasons, sufficient or otherwise, for denying Dr. Laman's medical opinion." [Doc. 18 at 10]. The Court concluded that the ALJ's failure to comply with the procedural requirement of providing good reasons for choosing not to give Dr. Laman's opinion controlling weight justified remanding the

-4-

case. [Doc. 18 at 11].

The Commissioner chose to defend the ALJ's decision, and took the position that "[w]hile the ALJ may not have explicitly discussed his reasons for rejecting Dr. Laman's opinion regarding [Plaintiff's] absences [from work due to alleged fibromyalgia pain], he considered the issue." [Doc. 16 at 8]. The Court finds that the Commissioner's position was not substantially justified. It is well-established that an ALJ must either accord controlling weight to a medical opinion from a treating source or "set forth some basis for rejecting [the opinion]," Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987), and give "good reasons" for the weight actually given to the opinion, 20 C.F.R. § 404.1527(d). See [Doc. 18 at 6-7]. When an ALJ chooses not to give a treating source medical opinion controlling weight, and then *completely fails* to provide any explanation for this choice in his narrative decision, it is clear that he has committed a procedural error that typically warrants remand of the case. In such a case, the Commissioner lacks substantial justification to defend the ALJ's decision unless he can reasonably argue under the applicable case law that the procedural error was harmless.

In Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004), the Court of Appeals for the Sixth Circuit made it very clear that an ALJ's *total failure* to provide good reasons for why he did not give controlling weight to a treating source's opinion ordinarily "does not constitute harmless error," and requires remanding the case, *even if* the ALJ's overall decision was supported by substantial evidence. The Court of Appeals stated that "[a] court cannot excuse the denial of a mandatory procedural protection simply because there is sufficient evidence in the record for the ALJ to discount the treating source's opinion." Id. In other words, if an ALJ provides no express explanation whatsoever for discounting a treating source's opinion, the case typically must be remanded, even if the Court finds that good reasons for discounting the opinion in fact existed.

There is an exception to Wilson's general rule of mandatory remand. The Court of Appeals recognized that it is possible for a violation of the procedural requirements of Shelman and 20 C.F.R. § 404.1527(d) to amount to merely a harmless error that does not warrant remand. Id. In Wilson, the Court contemplated three situations in which an ALJ's procedural failure might be harmless:

> "For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal. There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant. Or perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2)–the provision of the procedural safeguard of reasons–even though she has not complied with the terms of the regulation." Id.

In this case, the Commissioner acknowledged that "the ALJ may not have explicitly discussed his reasons for rejecting Dr. Laman's opinion," [Doc. 16 at 8], but chose to defend the ALJ's decision anyway. That choice may have been substantially justified if the Commissioner had taken the position that the ALJ's procedural failure to discuss his reasons for rejecting Dr. Laman's opinion was one of the possible harmless errors recognized in Wilson. But the Commissioner did not take that position. Instead, the Commissioner argued that (1) there were in fact good reasons for discounting Dr. Laman's opinion, even though the ALJ did not express them in his narrative decision, and (2) despite the ALJ's procedural error, substantial evidence still supported his ultimate decision. Under the rule of Wilson, it should have been clear to the Commissioner that neither of his arguments amounted to a valid defense of the ALJ's decision. Accordingly, the Court finds that the Commissioner's position in this case was not substantially justified.

Based upon the foregoing, the Court finds that Plaintiff's motion is well-taken. Accordingly, it is **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) **[Doc. 23]** be **GRANTED**, and that a judgment awarding Plaintiff the amount of **$1,465.50** for attorney fees be entered.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).